IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 8FIG, INC., | § | NO. 1:24-CV-07-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| HARDBODY SUPPLEMENTS, LLC, | § | |
| PATRICIA PAYNE, AND | § | |
| LAWRENCE PAYNE, | § | |
| | § | |
| Defendants. | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION, AND
(2) GRANTING IN PART, DENYING IN PART, AND HOLDING IN
ABEYANCE IN PART MOTION FOR DEFAULT JUDGMENT

Before the Court is a Report and Recommendation filed by U.S. Magistrate Judge Mark Lane. (Dkt. # 22.)  The Court referred Plaintiff 8fig, Inc.'s ("Plaintiff" or "8fig") Motion for Default Judgment (Dkt. # 17) and Amended Motion for Default Judgment (Dkt. # 21) to Magistrate Judge Lane.  Magistrate Judge Lane filed his Report and Recommendation (the "Report") on June 24, 2025. Objections to the Report were due within 14 days after being served with a copy.[1] On July 8, 2025, Plaintiff filed a response to the Report.  (Dkt. # 23.)

---

[1] Despite failing to enter an appearance in this case, the Court requested that Defendants be served a copy.

BACKGROUND

        8fig is a technology company that leverages its proprietary systems to assist ecommerce stores selling through Amazon, Shopify, and similar ventures in expanding their business through account purchase transactions. (Dkt. # 1 at ¶ 13.) 8fig creates a "Growth Plan" for e-commerce merchants that projects the merchant's inventory needs and sales expectations. (Id. ¶ 14.) Utilizing this Growth Plan and considering the e-commerce merchant's inventory and capital needs, 8fig makes an offer to purchase a set amount of the projected revenue from the e-commerce merchant in exchange for an up-front purchase price. (Id. ¶ 15.)

        Hardbody Supplements, LLC ("Hardbody") is an online merchant in the business of selling merchandise exclusively through e-commerce websites like Amazon, Shopify, Wal-Mart, and its own website. (Id. ¶ 24.) Lawrence Payne and Patricia Payne (collectively, the "Paynes") manage the day-to-day operations and finances for Hardbody. (Id. ¶ 25.)

        On or about July 21, 2022, Hardbody and 8fig entered into a "Master Future Revenue Purchase Agreement" (the "Agreement"), in which 8fig agreed to grant Hardbody access to its platform and to deposit the purchase price into Hardbody's specific merchant bank account. (Id. ¶ 28.) In the Agreement, Hardbody represented and warranted to 8fig that Hardbody had no reason to believe Hardbody would cease operations in the next year and that Hardbody was

unaware of any pending, threatened, or current litigation. (Id. ¶ 31.) However, Hardbody and its signatory, Patricia Payne, failed to inform 8fig that Hardbody's other members had threatened to dissolve Hardbody because they claimed the Paynes had misappropriated Hardbody's assets, breached their fiduciary duties, and subjected Hardbody to claims under the False Claims Act and Internal Revenue Code. (Id. ¶¶ 28, 26.) Over time, 8fig purchased, in total, $3,601,486.00 of Hardbody's future receivables (the "Purchased Receivables"). (Id. ¶ 32.)

On October 21, 2022, Hardbody's other members sued the Paynes for breach of contract, fraud and fraudulent inducement, breach of fiduciary duty, unjust enrichment, conversion, and sought an order of dissolution and accounting for Hardbody (the "Lawsuit"). (Id. ¶ 33.) 8fig asserts Hardbody defaulted under the Agreement Section 10(5) and (6). (Id. ¶ 34.) Hardbody advertises that it sells its products at Target, Walmart, and Amazon, despite not disclosing these storefronts or sales to 8fig. (Id.) Hardbody did not use 8fig's funds to purchase inventory to sell on its WooCommerce website. Instead, Hardbody used the funds to purchase inventory to sell at Target, Walmart, and Amazon or otherwise used the fund for non-authorized purposes. (Id.) These acts constituted a default under the Agreement. (Id.) Hardbody further defaulted under Section 10(10) by failing to disclose the dispute among its members and that Hardbody's other members had threatened to dissolve Hardbody. (Id. ¶ 35.)

On January 3, 2024, 8fig sued Hardbody and the Paynes in this Court. (Dkt. # 1.) 8fig asserts claims for breach of contract against Hardbody, id. ¶¶ 37-40, for money had and received against all Defendants, id. ¶¶ 41-46, for conversion against all Defendants, id. ¶¶ 47-49, for civil conspiracy against all Defendants, id. ¶¶ 50-57, and for fraud against Hardbody and Patricia Payne, id. ¶¶ 58-68.

8fig moved for substituted service of process after it was unable to personally serve Defendants. (Dkt. # 4.) The Court granted the motion. (Dkt. # 5.) 8fig effected substituted service on all Defendants on November 25, 2024. (Dkts. ## 11, 12, 13.) Defendants have made no appearance and have failed to plead, respond, or otherwise defend this case. On January 15, 2025, the Clerk entered default against them. (Dkt. # 15.) 8fig now asks the Court to enter a default judgment against Defendants. (Dkt. # 21.) 8fig seeks default judgment for all its asserted claims. (Id. ¶ 35.)

On June 24, 2025, Magistrate Judge Lane entered his Report on the motion for default judgment and amended motion for default judgment, recommending that the Court dismiss as moot the original motion and grant in part and deny in part the amended motion. (Dkt. # 22.) Plaintiff filed a response on July 8, 2025. (Dkt. # 23.)

4

ANALYSIS

The Magistrate Judge determined that Hardbody has not entered an appearance in this case or otherwise responded, and that after considering the relevant factors, "default judgment is procedurally warranted." (Dkt. # 22 at 5.) The Magistrate Judge then recommended the Court grant judgment as to liability on 8fig's claims for breach of contract, conversion, money had and received, and for fraud. (Id.) Judge Lane recommended the Court deny 8fig's claim for civil conspiracy and deny 8fig's request for damages, costs, and attorney's fees. (Id.) Regarding its request for damages, the Magistrate Judge found that 8fig had not provided sufficient evidence, making only conclusory assertions. (Id. at 9.) Furthermore, the Magistrate Judge determined that 8fig had not proved up its request for attorney fees or costs. (Id. at 9–11.) Thus, Judge Lane recommended the Court deny as moot 8fig's motion for default judgment (Dkt. # 17), and grant in part and deny in part its amended motion for default judgment (Dkt. # 21).

On July 8, 2025, 8fig filed a response to the Report. (Dkt. # 23.) 8fig states that it believes Judge Lane's Report to be an "interlocutory judgment establishing liability with the damages elements still outstanding." (Id.) 8fig requests the Court allow it another opportunity to file an amended motion for default judgment and set the matter for a prove-up hearing. (Id.) In the alternative, 8fig states that if the Report is a recommendation on final judgment, it objects on

the basis that "the result would lead to a windfall for the Defendants who have absconded with millions in funds from the Plaintiff and would, therefore, be an inequitable result." (Id. at 2.)

In making his recommendation, Judge Lane noted that he had previously ordered 8fig to supplement its motion for default judgment to include "a clear statement of which claims the default judgment was sought for, the legal elements of those claims, and the pleaded facts that support default on those claims." (Dkt. # 22 at 10–11.) Additionally, Judge Lane noted the inadequate evidence 8fig used to support its request for attorney's fees, stating that "[t]he court is not going to do the work that 8fig's attorneys should have done in seeking their attorney's fees." (Id. at 11.)

Although 8fig has filed a response to the Report, it is not an objection to the Magistrate Judge's findings. As such, where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court adopts in part the Magistrate Judge's Report and Recommendation. The Court finds that the Magistrate Judge's conclusion is correct that Defendant has not entered an appearance in this case or otherwise responded, and that after considering the relevant factors, "default

6

judgment is procedurally warranted." (Dkt. # 22 at 5.) Additionally, the Magistrate Judge's conclusion that Plaintiff has demonstrated the elements of its claims for breach of contract, conversion, fraud, and for money had and received is neither clearly erroneous nor contrary to law. (Id. at 5.) Regarding 8fig's request for damages, attorney's fees, and costs, the Court will allow a limited opportunity to seek these in a supplement to the amended motion for default judgment. The Court warns 8fig that it must be precise and carefully provide evidence in a clear and consistent manner in support of such. Although the Magistrate Judge has already allowed 8fig an opportunity to amend, the order did not specifically point out that the requests for damages, fees, and costs should be carefully supported. (See Dkt. # 19.) The Court notes however that 8fig should have known to do this and thus the Court is hesitant to allow it now but will nevertheless allow 8fig an opportunity to file a supplement to its amended motion for default judgment which specifically points out its request and support for damages, fees, and costs. The Court will not reconsider any other portion of the Magistrate Judge's Report. 8fig's supplement must be filed within twenty-one days of the date of this Order.

## CONCLUSION

Accordingly, for the reasons given, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation (Dkt. # 22) and will **DENY AS**

7

**MOOT** Plaintiff's original motion for default judgment (Dkt. # 17). The Court will also **GRANT IN PART, DENY IN PART,** and **HOLD IN ABEYANCE IN PART** Plaintiff's Amended Motion for Default Judgment (Dkt. # 21). The motion is **GRANTED** as to Plaintiff's claims for breach of contract, conversion, fraud, and for money had and received. The motion is **DENIED** as to Plaintiff's claim for civil conspiracy. The Court will **HOLD IN ABEYANCE** Plaintiff's requests for damages, fees, and costs, as well as the request for entry of final default judgment. A supplement to the amended motion for default judgment is due **within 21 days of the date of this Order**. Failure to file a supplement will result in the Court adopting the Report in whole and entering final default judgment as recommended by the Magistrate Judge.

      **IT IS SO ORDERED**.

      **DATED:** Austin, Texas, July 25, 2025.

      _____
      David Alan Ezra
      Senior United States District Judge